**Semnar & Hartman, LLP**
Babak Semnar, Esq. (#224890)
bob@sandiegoconsumerattorneys.com
Jared M. Hartman (#254860)
jared@sandiegoconsumerattorneys.com
400 S. Melrose Drive, Suite 209
Vista, California 92081
Telephone: (951) 293-4187
Fax: (888) 819-8230

Attorneys for Plaintiff,
WILLIAM BROWN

**U.S. DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM BROWN, an individual<br><br>Plaintiff,<br><br>v.<br><br>M.S.N. & ASSOCIATES LLC; and DOES 1-10;<br><br>Defendant. | Case No.: **'16CV1800 GPC BLM**<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br><br>1. **FEDERAL FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, et seq.;** |

Plaintiff, WILLIAM BROWN, an Individual, by and through his attorneys of record, hereby complains and alleges as follows:

## INTRODUCTION

1. Plaintiff, by and through his attorneys of record, brings this action to secure redress from unlawful debt collection practices engaged in by Defendant M.S.N. & ASSOCIATES LLC (hereinafter "M.S.N." or "Defendant") in violation of the

1
**COMPLAINT FOR DAMAGES**

Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692p (hereinafter "FDCPA").

2. Plaintiff makes the allegations below on information and belief, with the exception of those allegations that pertain to Plaintiff personally, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. In 15 U.S.C. § 1692(a)-(e), the U.S. Legislature made the following findings and purpose in creating the FDCPA:

> Abusive practices. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
> Inadequacy of laws. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.
>
> Available non-abusive collection methods. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.
>
> Interstate commerce. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.
>
> Purposes. It is the purpose of this title [15 USCS §§ 1692 et seq.] to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## JURISDICTION AND VENUE

4. This action arises out of Defendant's violations of the Federal FDCPA, over which the U.S. District Court has original subject matter jurisdiction pursuant to 15 U.S.C. § 1681p.

5. Because Defendant M.S.N. regularly conduct business within the State of California by purposefully contacting California residents for purposes of debt collection, personal jurisdiction is established.

6. Venue in this District is proper pursuant for the following reasons: (i) Plaintiff resides in the County of San Diego, State of California, which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant has conducted business within this judicial district at all times relevant.

## PARTIES & DEFINITIONS

7. Plaintiff is a natural person who was subjected to Defendant's threats for legal action concerning a consumer debt allegedly owed to Defendant by Plaintiff's brother, which debt was alleged to have been due and owing, is therefore a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) of the FDCPA.

8. Although Plaintiff was not obligated to pay the consumer debt to Defendant, he is considered an aggrieved party by Defendant's unlawful conduct and therefore has standing to bring suit. *See*, *Wright v Finance Service* (6th Cir. 1994) 22 F3d 647; *Montgomery v. Huntington Bank*, 346 F.3d 693, 696 (6th Cir. 2003); *Hoffman v GC services* (East. Dist. Tenn. 2010) 2010 US Dist LEXIS 139509; *Isaac v RMB* (No. Dist. Alabama 2014) 2014 US Dist LEXIS 97543; *Davis v Midland* (East. Dist. Calif. 2014) 2014 US Dist LEXIS 109309; *Riveria v. MAB Collections, Inc.* (West. Dist. New York 1988) 682 F. Supp. 174, 175; *Whatley v. Universal Collection Bureau, Inc.* (N.D. Ga. 1981) 525 F. Supp. 1204, 1206.

9. Upon information and belief, Defendant was attempting to collect from

Plaintiff's brother an alleged debt owed on a defaulted credit card that Plaintiff's brother used for purchases within his everyday life for personal and household matters. Therefore, Plaintiff is informed and believes that the money alleged to have been owed to Defendants originated from monetary credit that was extended primarily for personal, family, or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) of the FDCPA.

10. Plaintiff is informed and believes that Defendant utilizes the instrumentalities of interstate commerce and the mails in a business for which the principal purpose is the collection of any debts; regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another or themselves; and are therefore "debt collectors" within the meaning of 15 U.S.C. § 1692a(6) of the FDCPA.

**FACTUAL ALLEGATIONS**

11. Sometime prior to July 2016, Plaintiff's brother incurred a credit card debt.

12. Plaintiff himself was never legally obligated to owe any funds for this card, as he never contracted with the creditor to be financially responsible.

13. Plaintiff is informed and believes that this credit card debt was eventually sold, transferred, or assigned to Defendant for purposes of collection after Plaintiff's brother defaulted upon the credit card payments.

14. At all times relevant herein, the actions of every collection agent of Defendant was taken on behalf of, at the direction of, and in association with the named Defendant, and their actions were undertaken within the scope and duties of their position as debt collection agents.

15. On June 23, 2016, Defendant's collection agent left a voicemail on Plaintiff's cell phone that claims "this call is intended to reach William Brown", claimed to be calling "in regards to asset verifications", asked Plaintiff to call back to contact an "advisor" and reference "your" file number 51708979, and ominously

threatened "Otherwise, failure to contact them may result in further determinations pursuant to all applicable state and federal guidelines. You have been officially notified".

16.   On June 27, 2016, Defendant's collection agent left a second voicemail on Plaintiff's cell phone that claims "this call is intended to reach William Brown", claimed to be calling "in regards to asset verifications", claimed "since I have heard from you the issuing process may commence today", asked Plaintiff to call back to contact an "advisor" and reference "your" file number 51708979, and ominously threatened "Otherwise, failure to contact them by close of business today may result in further determinations, again, pursuant to all applicable state and federal guidelines. You have been officially notified".

17.   Claiming that they are intending to make "further determinations pursuant to all applicable state and federal guidelines" and claiming that Plaintiff has been "officially notified", and making these claims when addressing "William Brown" directly in each voicemail, were clearly meant to scare Plaintiff into believing that Defendant intended to sue him should he fail to call them back.

18.   These threats amount to violations of 15 U.S.C. 1692d, 1692e, and 1692f since Plaintiff has absolutely no legal obligation upon the outstanding debt whatsoever.

19.   Moreover, the threat to take any action that cannot be legally taken, or is not intended to be taken, is a violation of 15 U.S.C. 1692e(5).

20.   On both voicemails, Defendant's agent failed to provide any name of the company on whose behalf the agent was calling and failed to state that the call was coming from a debt collector attempting to collect a debt, which are required pursuant to 15 U.S.C. 1692e(11).

21.   Plaintiff suffered emotional and mental anguish by way of loss of sleep, nervousness, anxiety, and fear over the thought that he might possibly subjected to legal action as threatened by Defendants' agents over a debt that he has absolutely nothing to do with.

22. Moreover, the voicemails caused arguments and strife between Plaintiff and his brother over the belief that Plaintiff's brother might have listed Plaintiff as a co-signor without Plaintiff's permission, which Plaintiff has since discovered is not true and Defendant simply uttered these threats falsely.

23. Defendant's agent who left the voicemails described above was at all times acting on behalf of, at the direction of, and in association with the named Defendants, and acting in their capacity as employees of Defendants, all legal violations committed by said agents flow through as *respondeat superior* to Defendants.

24. Defendant's violations were willful, as Defendant has been subjected to multiple lawsuits for very similar FDCPA violations against other consumers, such as *Sheppard v. MNS & Associates LLC, et al.*, Case No. 8:14-cv-00759, and *Ruiz v. M.N.S. & Associates, LLC*, 1:16-cv-03802.

**FIRST CAUSE OF ACTION**
**(VIOLATIONS OF FDCPA)**
**15 U.S.C. §§ 1692-1692p**

25. Plaintiff re-alleges and incorporates by reference the above paragraphs, as though set forth fully herein.

26. By threatening legal proceedings against Plaintiff on a debt that that he has never had any legal obligation to pay upon, Defendant committed the following violations of the Federal FDCPA:

   a. Engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d, and

   b. Engaged in false, deceptive, or misleading representation or means in connection with the collection of a debt in violation of 15 U.S.C. § 1692e, and

   c. Falsely represented the character and legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A), and

    d. Falsely uttered the representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. § 1692e(4), and

    e. Used false representations and deceptive means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692e(10), and

    f. Uttered a threat to take action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. § 1692e(5), and

    g. Engaged in unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f of the FDCPA.

27. By failing to identify that each call was being placed by a debt collector in an attempt to collect a debt, Defendant violated 15 U.S.C. § 1692e(11) of the FDCPA.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of actual damages of $10,000.00 for emotional distress and mental anguish, or as the jury may award, pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

///
///
///
///

7
**COMPLAINT FOR DAMAGES**

1 |      Pursuant to the seventh amendment to the Constitution of the United States of
2 | America, Plaintiff is entitled to, and hereby demands, a trial by jury.

4 | Dated: July 12, 2016                  Respectfully submitted,

SEMNAR & HARTMAN, LLP

By:   */s/ Jared M. Hartman*_____
Jared M. Hartman, Esq.
Attorney for Plaintiff

**8**
**COMPLAINT FOR DAMAGES**